# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BLACK LAKE LAND & OIL COMPANY, L.L.C.** | * * | **CIVIL ACTION NO.** * |
| **Plaintiffs** | * * | **JUDGE JAMES CAIN** |
| **VERSUS** | * * | **MAGISTRATE JUDGE KATHLEEN KAY** |
| **WESTERN WORLD INSURANCE COMPANY,** | * * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, BLACK LAKE LAND & OIL COMPANY, L.L.C. who respectfully represents:

## I. PARTIES

1. Made Plaintiff herein is BLACK LAKE LAND & OIL COMPANY, L.L.C. a Louisiana limited liability company, domiciled and doing business in Calcasieu Parish, Louisiana.

2. Made Defendant herein is Western World Insurance Company ("Western World"), a foreign insurance company licensed to do business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent of Service of Process: Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441, because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this District; Plaintiff resides in this District and the Property that is subject to the dispute between Plaintiff and Defendant is located in this District.

## III. RELEVANT FACTS

5. At all times relevant hereto, Plaintiff owned the properties ("The Properties") located at the following addresses:

    A. 6106 E. Myrtle Bay Dr., Lake Charles, LA 70605 ("Myrtle Bay");

    B. 4560 Brooklyn Drive, Sulphur, LA 70665 ("Brooklyn"); and

    C. 3222 City Service Highway, Sulphur, LA 70663 ("City Service");

6. At all times relevant hereto, Defendant provided a policy of insurance, Policy Number NPP8641138 (the "Policy"), to Plaintiff, which covered the Properties against perils including wind, hail, and water.

7. On August 26, 2020, the eye of Hurricane Laura made landfall in Cameron Parish, Louisiana. Prior to and after landfall, the covered properties were subjected to sustained hurricane force winds.

8. The covered properties and contents thereof were severely damaged and/or destroyed by Hurricane Laura. The damage included the Properties' exteriors, interiors, and roofing, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant

damage to and throughout the buildings and covered properties. In addition, other covered appurtenances were severely damaged and/or destroyed.

9. Thereafter, BLACK LAKE LAND & OIL COMPANY, L.L.C. reported its loss to Western World and was assigned claim number 00159047.

10. On or about, October 9, 2020, Hurricane Delta struck Calcasieu Parish, Louisiana. Prior to and after landfall of Hurricane Delta, the covered properties were subjected to hurricane winds for many hours.

11. The subject properties and contents were again severely damaged by Hurricane Delta.

12. Additionally, Plaintiff retained the services of various contractors to perform both extensive tree and debris removal, as well as effectuate temporary repairs, in an effort to mitigate its on-going damages and comply with the terms and conditions of its Policy.

13. Following receipt of Plaintiff's notification of loss, Western World sent its agent to conduct a formal inspection and prepare an estimate/report of the costs associated with repair of the damages observed at Plaintiff's Properties.

14. Western World's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

15. In an effort to protect its interests, Plaintiff retained the services of engineer, Charles Norman, PE ("Norman')

16. Following inspection, Norman prepared a detailed estimate which delineated areas of damage sustained to BLACK LAKE LAND & OIL COMPANY, L.L.C.'s properties, as well as costs to repair.

17. Norman's reports/estimates were provided to Western World. The estimates documented then known damages amounting to $320,882.94 for City Service, $144,635.35 for Brooklyn, and $376,439.42 for Myrtle Bay.

18. Western World has issued payments which, in total, are significantly below the amounts evidenced by the proofs of loss it has been provided.

19. Inexplicably, the inadequate payments were provided to Plaintiff without any type of explanation as to Western World's decision to not tender the full amount of Plaintiff's current well supported damages.

20. The Norman estimates constituted additional satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

21. Since that time, no further payments have been forthcoming from Western World.

22. Plaintiff also had other coverages, as fully set forth in the policy.

23. As a consequence of Western World's failure to properly and timely handle Plaintiff's claims, Plaintiff has sustained additional damages.

24. Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of Plaintiff's Property.

25. Upon information and belief, Defendant purposefully and/or negligently failed to timely tender sufficient proceeds due Plaintiff after having received satisfactory proofs of loss.

26. Upon information and belief, Defendant conducted the investigation and claims handling for Plaintiff's claim in bad faith.

27. Upon information and belief, Defendant failed to use appropriate pricing software to adequately reflect the true cost of the repairs.

28. Upon information and belief, Defendant was purposeful or at least negligent in its estimate of damages, including over depreciating the losses.

29. Plaintiff has incurred consequential damages and additional expenses in making repairs because Defendant failed to timely and adequately compensate it for its losses under the Policy.

30. Plaintiff incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to adequately/timely pay on its claims under the Policy.

## IV.   CAUSES OF ACTION

### A.   Breach of Insurance Contract

31. Plaintiff realleges and re-avers the allegations contained in paragraphs 1-30, above, as if restated herein.

32. Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

33. An insurance contract, the Policy, exists between Plaintiff and Defendant.

34. By purposefully and/or negligently failing to timely tender undisputed insurance proceeds, Defendant breached the insurance contract.

35. By conducting the investigation and claims handling in bad faith, Defendant breached the insurance contract.

36. By failing to use accurate pricing software, Defendant breached the insurance contract.

37. By failing to adequately compensate Plaintiff for the damages to the Property, as required by the Policy, Defendant breached the insurance contract.

38. Plaintiff has suffered and continue to suffer damages as a result of these breaches of the insurance contract.

## B. Bad Faith

39. Plaintiff realleges and re-avers the allegations contained in Paragraphs 1-38, above, as if restated herein.

40. The actions and/or inactions of Defendant in failing to adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause – as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

41. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner that is arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

42. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

43. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

44. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Plaintiff adequate payment in connection with its damages, despite having received satisfactory proof of loss following its own inspection(s) of the Property and after Plaintiff independently provided documentation of the damages and replacement costs needed.

45. Defendant's failure to pay timely for damages Defendant knew, or should have known, existed at the time of the initial adjustment of the relevant claims, was in bad faith.

**DAMAGES**

46. Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1- 45 above, as if restated herein.

47. Defendant is liable to Plaintiff under the following legal theories:

   a. Breach of Contract;

   b. Bad faith claims adjusting practices, including but not limited to, failing to adequately adjust Plaintiff claims; failing to timely initiate loss adjustment; misrepresentation of the terms of the applicable insurance Policy; purposeful or negligent under-scoping of damages leading to a failure to pay the relevant claims; purposeful price manipulation leading to a failure to pay the relevant claims; failure to pay timely for damages Defendant knew, or should have known, existed at the time of the original adjustment; failing to timely tender adequate supplemental payment(s), etc.;

   c. Negligent claims adjusting practices leading to the incurrence of professional fees; and

   d. Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

48. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred the following, non-exclusive damages:

   a. Diminution of the value of the Property;

   b. Actual repair and/or Replacement costs;

   c. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973;

      d. Consequential damages;

      e. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action; and

      f. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

**WHEREFORE,** Plaintiff, BLACK LAKE LAND & OIL COMPANY, L.L.C., prays that, Defendant, Western World Insurance Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Plaintiffs, BLACK LAKE LAND & OIL COMPANY, L.L.C. and against Defendant, Western World Insurance Company, in an amount that will fully and fairly compensate Plaintiff pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for penalties and attorney fees, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

/S/ *Wesley A. Romero*
DAVID P. BRUCHHAUS (#24326)
CHAD E. MUDD (#25188)
MATTHEW P. KEATING (#30911)
WESLEY A. ROMERO (#33344)
JAMIE C. GARY (#29203)
**MUDD, BRUCHHAUS & KEATING, LLC**
422 E. College Street, Suite B
Lake Charles, LA 70605
Telephone: (337) 562-2327
Facsimile: (337) 562-2391

*Attorneys for Plaintiff,*
BLACK LAKE LAND & OIL COMPANY, L.L.C.

**PLEASE SERVE:**

**WESTERN WORLD INSURANCE COMPANY**
Through its registered agent for service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809